IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-HC-2198-D

FERDELL RAYMON BAKER,                 )
                                      )
            Petitioner,               )
                                      )
      v.                              )          **ORDER**
                                      )
WILLIAM S. ORTH, et al.,              )
                                      )
            Respondents.              )

On August 25, 2025, Ferdell Raymon Baker ("Baker" or "petitioner"), a state pretrial detainee proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 [D.E. 1]. Baker moves for leave to proceed in forma pauperis [D.E. 2], appointment of counsel [D.E. 5], consideration [D.E. 6], and to introduce exhibits [D.E. 7]. As explained below, the court dismisses the petition without prejudice.

Baker was confined at the North Florida Evaluation and Treatment Center in Gainesville, Florida, when he filed the petition. See [D.E. 1] 1; [D.E. 5] 1–2 ("Petitioner is in State of Florida custody ordered by respondent William S. Orth to state mental hospital by fraudulent doctors evaluation for a no cause, warrantless arrest."). Baker alleges he was "[f]raudulently made incompetent to proceed for a no cause arrest alleged resisting arrest FL § 843.02 and FL § 843.01 resisting arrest with violence in Seminole County[,] Florida." [D.E. 1] 1. Baker states he also has a "[d]etainer in Halifax County[,] North Carolina[,] for failure to appear after 1/16/2023 a state holiday and currently in state custody from Seminole County[,] Florida." Id. at 2. Baker is "challenging [his] pretrial detention in Seminole County who has bond held [him] then forced [him] into a state pretrial diversion program fore [sic] fake charges." Id. Baker seeks a court order

"releasing Halifax County case 22CR051031-410 for simple assault and Seminole County release from custody and the effects of case # 2023CF003171A." Id. at 7.

A live case or controversy must exist through all stages of a federal judicial proceeding. See Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477–78 (1990). A case or controversy no longer exists "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Already, LLC v. Nike, Inc., 568 U.S. 85, 91 (2013) (cleaned up). The court lacks jurisdiction if there is no longer a live case or controversy. See U.S. Const. art. III, § 2; Already, LLC, 568 U.S. at 91; Powell v. McCormack, 395 U.S. 486, 496 (1969); Lancaster v. Sec'y of Navy, 109 F.4th 283, 288–89 (4th Cir. 2024); Martineau v. Wier, 934 F.3d 385, 390 n.2 (4th Cir. 2019); United States v. Springer, 715 F.3d 535, 540 (4th Cir. 2013); Davis v. Sears, No. 7:26-CV-40, 2026 WL 1094785, at *1–2 & n.2 (W.D. Va. Apr. 21, 2026) (unpublished).

On April 16, 2022, in Halifax County Superior Court, Baker was charged with simple assault. See North Carolina v. Baker, No. 22CR051031-410 (N.C. Super. Ct. Apr. 16, 2022). On November 17, 2023, the prosecutor dismissed the case. See North Carolina v. Baker, No. 22CR051031-410 (N.C. Super. Ct. Nov. 17, 2023). Moreover, Baker's charges in Seminole County case number 2023CF003171A resulted in a nolle prosequi disposition on November 4, 2025. See Florida v. Baker, No. 2025MM004091A (Fla. Cir. Ct. Nov. 4, 2025). Accordingly, the court dismisses as moot Baker's requests for relief.

In sum, the court DISMISSES petitioner's section 2241 petition [D.E. 1] and DENIES AS MOOT the pending motions [D.E. 2, 5, 6, 7]. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). The clerk SHALL close the case.

2

SO ORDERED. This 8 day of May, 2026.

_____
JAMES C. DEVER III
United States District Judge

3